PALOU, APPELLANT, v. THE REGISTRAR OF PROPERTY,. RESPONDENT.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 139.—Decided April 16, 1913.

GUARDIAN—CONSOLIDATION CF PROPERTIES—PROPERTY OF INCAFACITATED PERSONS—JUDICIAL AUTHORIZATION.—Neither the letter nor the spirit of subdivision 5 of section 282 of the Revised Civil Code as amended by Act No. 33 of March 9, 1911, requires judicial authorization for the guardian of an incapacitated person to consolidate under one title two properties recorded in the registry and to record the same as one property in accordance with the provisions of article 60 of the Regulations for the execution of the Mortgage Law.

The facts are stated in the opinion.
*Mr. Luis Muñoz Morales* for appellant.
The registrar appeared *pro se.*
MR. JUSTICE DEL TORO delivered the opinion of the court.

From the documents filed in this case it appears that on September 6, 1911, Pedro Juan Palou, as tutor of the legally incapable person, Dolores Jiménez, executed a lease upon three rural properties belonging to his ward, among which was one of 23.95 *cuerdas,* situated in the ward of Gurabo Abajo of the municipal district of Juncos. The contract of lease was set out in a public instrument and the term of the lease was fixed at six years.

On May 1, 1912, the District Court of Humacao authorized the tutor to supplement the contract executed on September 6, 1911, and stipulate for its record in the registry of property; and on May 10 the said tutor and the lessees executed a new notarial contract ratifying the former and covenanting expressly for its record in the registry. The third and fourth clauses of the said new contract read as follows:

"*Third.* That there was an error in describing the property marked 'C' in the said contract, for although it is true that said property was adjudicated to Dolores Jiménez Hernández in the testamentary proceedings of her husband, Jaime Palou, it is also true that subsequently there was segregated therefrom 11.52 *cuerdas,* the property being thus reduced to 12 *cuerdas,* 43 hundreths and 240 thousandths (*sic*). Under authorization from the District Court of Humacao the 11.52 *cuerdas* were exchanged for another 11.52 *cuerdas* belonging to Miguel Palou, the latter then becoming the property of Dolores Jiménez and the description thereof being as follows:    *    *    *.

"*Fourth.* That for the purposes of the aforesaid lease it should be understood that the property marked 'C' and described in the said contract executed on September 6, 1911, was divided into two parts, one containing 12 *cuerdas,* 43 hundredths and 248 thousandths (*sic*), as reduced by the segregation made therefrom, and the other containing 11.52 *cuerdas,* received in the exchange effected with Miguel Palou and described in the foregoing paragraph. Although these two properties are distinct parcels of land they are contiguous and bound each other, therefore after making this explanation Pedro Juan Palou y Jiménez, in his aforesaid capacity, consolidates them in order that they may be recorded in the registry of property at a valuation of $2,300 in usufruct in the name of Dolores Jiménez Hernández and in bare ownership in the proportion of a one-fourth part in favor of Jaime Palou Jiménez, a three-eighths part in favor of Juana María Palou y Jiménez and a three-eights part in favor of Miguel Palou y Jiménez, under the following description:    *    *    *."

The instrument dated May 10, 1912, having been presented in the registry, the registrar rendered the following decision on February 19, 1913:

"In accordance with paragraph 5 of section 282 of the Civil Code now in force, the admission to record of the consolidation contained in the foregoing document is denied for the reason that Pedro Juan Palou y Jiménez makes the consolidation referred to in his character of tutor of the legally incapacitated person Dolores Jiménez Hernández, without the corresponding judicial authorization, and in lieu thereof a cautionary notice is entered for the period of 120 days in favor of Dolores Jiménez Hernández, Jaime, Juana María and Miguel Palou y Jiménez in the manner and proportions set forth in said

document, such cautionary notice appearing on page 81, volume 17 of Juncos, property number 753, letter A, with the curable defects of the failure to describe in the title the remainder of the consolidated property composed of 12 *cuerdas,* 43 hundredths and 248 thousandths (*sic*), and of the failure to prove the character as tutor which the said Pedro Juan Palou y Jiménez claims to possess over said Dolores Jiménez.''

On March 8, 1913, the tutor, Palou, filed the present administrative appeal in this court, exhibiting therewith a copy of the contract executed on September 6, 1911, a copy of the decision of the district court dated May 1, 1912, and a copy of the supplementary contract dated May 10, 1912, at the foot of which is inserted the decision of the registrar hereinbefore quoted.

The appellant in his petition to this court prays for ''the reversal of the decision of the Registrar of Property of Caguas denying the inscription, and for an order to the effect that the contract of lease and its supplement, referred to in his exhibits, be admitted to record in the registry.''

It would seem logical that the contract of September 6, 1911, would have been presented in the registry together with that of May 10, 1912, but from the exhibits accompanying the appellant's petition this does not appear to have been done. At the foot of the contract dated September 6, 1911, it is stated that said contract was presented in the registry and withdrawn by the interested party without any decision by the registrar as to whether or not it should be admitted to record, and at the foot of the supplement of May 10, 1912, appears the decision hereinbefore quoted, from which it results that the question involved in this case is not whether the contract of lease could be recorded, but whether or not the consolidation of properties referred to in clauses three and four of said supplement of May 10, 1912, should be recorded.

In this regard the registrar says in his statement:

"I must point out that the prayer contained in the appellant's brief does not correspond to the premises of this case, for he prays therein that the lease be inscribed by the registrar, whereas the appeal refers only to the denial of admission to record of the instrument consolidating the properties."

In view of the foregoing we will weigh and decide the only question involved in the appeal, namely, whether Pedro Juan Palou in his capacity as tutor of the legally incapacitated Dolores Jiménez could consolidate the two recorded properties of his ward and have them recorded in the registry of property as one property without authority therefor from the proper district court.

The registrar contends that he can not and bases his contention on subdivision 5 of section 282 of the Revised Civil Code which as amended by Act No. 33 of March 9, 1911, in so far as it is applicable to this case, reads as follows:

"Section 282. The tutor shall require the authorization of the proper district court:

    *      *      *      *      *      *      *

"5. To alienate or encumber the real property which constitutes the capital of the minor or incapacitated person or to make contracts or execute acts requiring recording;  *  *  *."

In our opinion neither the letter nor the spirit of the law requires judicial authorization in this case.

The consolidation into one property of several properties previously recorded does not constitute an alienation thereof or an encumbrance thereon. Neither does it partake of the character of a contract, and although it is an *act* which involves a new record in the registry, it is a record of such a nature as to effect only the registry itself and does not create, modify, or extinguish any right whatsoever.

Article 2 of the Mortgage Law in prescribing what should be recorded in the registry does not include the consolida-

tion of properties. Such an act is governed by a regulative provision which requires that:

"When two estates are joined to make a single one, the latter shall be recorded under a new number, a statement to this effect being made in the margin of each one of the previous records relating to the ownership of the estates which are joined. In the new record reference shall also be made to said entries as well as to the encumbrances previously existing on said joined estates." Paragraph 2 of article 60 of the Regulations for the execution of the Mortgage Law.

And if we look into the spirit of section 282 of the Civil Code now in force and of all its legal precedents, we shall see that its object is to safeguard the interests of minors or persons incapacitated in any other manner, and as the act of joining various properties previously recorded in order to record them anew in the registry as a single property does not prejudice the said interests in any manner, it is not necessary in order to do so that the tutor be so authorized by the proper district court.

For the foregoing reasons the decision appealed from should be reversed and the registrar ordered to admit to record the consolidation of properties as requested and in accordance with the law.

With regard to the recording of the contract of lease, this court can render no decision in this administrative appeal. The interested party may take such action as his best interests may demand.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.